# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**PATRICIA KOMAR,**

    **Plaintiff,**

vs.                                                                                 **No. CIV 99-0593 BB/LCS**

**CITY OF ALBUQUERQUE, ALBUQUERQUE**
**POLICE DEPARTMENT, and BERNALILLO**
**COUNTY DETENTION CENTER,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

On February 29, 2000, the Honorable Bruce D. Black, United States District Judge, requested that the undersigned United States Magistrate Judge hold a hearing to determine whether dismissal would be appropriate under the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Accordingly, on March 22, 2000, I held an *Ehrenhaus* hearing by video conference. Plaintiff appeared *pro se*. Kathryn Levy appeared on behalf of the City of Albuquerque and the Albuquerque Police Department (City). Jeffrey Baker appeared on behalf of the Bernalillo County Detention Center (County). Having considered the hearing presentations, record, applicable law, and being otherwise fully advised, I find as follows:

## PROPOSED FINDINGS REGARDING EHRENHAUS HEARING

1.     On June 4, 1999, the Court issued an Initial Scheduling Order requiring Plaintiff to provide initial disclosures no later than July 17, 1999. Plaintiff failed to provide initial disclosures as ordered. (Transcript of August 23, 1999 at 7).

2. On August 11, 1999, the Court ordered Plaintiff to provide initial disclosures by August 29, 1999. Plaintiff failed to provide initial disclosures as ordered. (Transcript of November 9, 1999 at 4).

3. At the Initial Scheduling Conference of August 23, 1999, the Court directed Plaintiff to provide initial disclosures by 5:00 p.m. on that day and adjourned the conference until the following day. (Transcript of August 23, 1999 at 15). In open court, I warned Plaintiff that if she failed to comply with court orders, rules of civil procedure, or local rules of this Court, her case could be dismissed. (Transcript of August 23, 1999 at 8).

4. On August 24, 1999, the Court reconvened the Initial Scheduling Conference. Plaintiff had failed to provide initial disclosures. In open court, I again warned Plaintiff that failure to comply with court orders could result in dismissal of her case. (Transcript of August 24, 1999 at 26-27). I also told Plaintiff to obtain a copy of the local rules of this Court, read the rules, and fully comply with the local and federal civil rules regarding initial disclosures. (Transcript of August 24, 1999 at 28, 31).

5. On August 25, 1999, I issued an order mandating that Plaintiff provide initial disclosures on or before September 2, 1999. Plaintiff failed to comply with this Order.

6. On September 2, 1999, Plaintiff filed a motion to extend time and for free process for production and copying of documents. I denied this motion on September 9, 1999.

7. The Initial Pretrial Report was filed on October 21, 1999, specifying that discovery would terminate on February 21, 2000.

8. On November 9, 1999, the Court held a telephone status conference. Plaintiff stated that she had not yet submitted her disclosures. (Transcript of November 9, 1999 at 4). I admonished

Plaintiff in open court that all remaining practice in this case must comply with the rules of civil procedure. (Transcript of November 9, 1999 at 5, 7).

9. At the March 22, 2000 *Ehrenhaus* hearing, Ms. Levy represented that the City noticed Plaintiff for her deposition and that Plaintiff failed to appear for her deposition.

10. I asked the litigants at the March 22, 2000 hearing to state their positions regarding the case status in terms of *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Before choosing the sanction of dismissal, the Court should consider and address all the following factors on the record (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *See Ehrenhaus v. Reynolds*, 965 F.2d at 921.

11. Mr. Baker argued, on behalf of the County, that the motion to dismiss and motion for judgment by default should be granted, that the County was prejudiced by Plaintiff's inattention to her case because it incurred additional attorney fees, and that the court is prejudiced because the delay imposes an additional burden its heavy docket. Mr. Baker acknowledged that a less severe sanction might be appropriate, but stated that the County's Motion to Dismiss and Motion for Default Judgment by default should be granted.

12. Ms. Levy asserted, on behalf of the City, that the Plaintiff never provided initial disclosures and failed to appear for her deposition. Ms. Levy stated that the City would like to get the case moving, but did not oppose an extension of the discovery deadline.

13. Plaintiff asserted that she did not respond to the motion to dismiss and motion for entry of judgment by default due to severe emotional distress caused by problems with her son, her

low income housing arrangements and the City's ongoing efforts to evict her. Plaintiff also claimed she is not educated enough to know how to get information, she is a disabled veteran, and the that convenience store where she was arrested refused to give her the clerk's name or a copy of a videotape of the incident resulting in her arrest. Plaintiff claimed that she would not delay her case anymore, her income has increased, and that she would seek an attorney. Plaintiff requested that discovery be reopened.

14. I find that Plaintiff's assertions are not credible. Furthermore, even if Plaintiff's explanations were credited, they are not sufficient to excuse her chronic and knowing failure to comply with court orders and procedures. Plaintiff failed to provide initial disclosures as mandated by the Federal Rules of Civil Procedure and three Orders of this Court. Plaintiff repeatedly disregarded the orders of the Court. Despite repeated warnings that she was inviting dismissal of her case, Plaintiff persistently ignored the orders of this Court and subverted its authority

15. While a *pro se* litigant is entitled to liberal construction of her pleadings, she must nonetheless follow the same rules of procedure that govern other litigants. *See Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994). When imposing discovery sanctions against a *pro se* litigant, the court should carefully consider whether some sanction short of dismissal is appropriate so that the litigant does not unknowingly lose his right of access to the courts because of a technical violation. *See Ehrenhaus*, 965 F.2d at 920 n. 3. The chosen sanction must be both just and related to the particular claim at issue. *Id.* at 920-21.

16. I find Plaintiff has exhibited a manifest disinterest in litigating her case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). At the hearing of March 22, 2000, Plaintiff offered no credible excuse for her

4

inattention to court orders and procedures. Plaintiff failed to provide initial disclosures and failed to respond to the County's motion to dismiss and motion for judgment by default. The County was prejudiced by Plaintiff's actions because its expenses were increased when its counsel expended time in preparing the motions and appearing for the hearing. Plaintiff is culpable for her conduct and offered no reasonable excuse for her failure to provide initial disclosures and failure to respond to the motion to dismiss and motion for judgment by default. The Court warned Plaintiff in open court on at least three separate occasions that failure to comply might result in dismissal of her case. In light of Plaintiff's history of blatant disregard of court orders, rules of civil procedure, and local rules of this Court, I find that lesser sanctions would not be effective.

**PROPOSED FINDINGS WITH RESPECT TO THE COUNTY'S MOTION TO DISMISS AND MOTION FOR JUDGMENT BY DEFAULT**

17.     On December 6, 1999, the County filed a Motion to Dismiss and a Memorandum in Support thereof, arguing that the case should be dismissed because Plaintiff failed to allege a policy or custom that would give rise to municipal liability. To date, Plaintiff failed to serve or file a response to this Motion.

18.     On February 4, 2000, the County filed a Motion for Default Judgment and a Memorandum in support thereof, asserting that the Motion to Dismiss of December 6, 1999, should be granted because Plaintiff failed to file a response. This Motion does not seek a default judgment, but rather seeks dismissal of Plaintiff's claims with respect to the County pursuant to D.N.M.LR-Civ. 7.5(b). Hence, the County's Motion for Default Judgment should be construed as a Motion to Dismiss for Failure to Respond to Motion to Dismiss Pursuant to D.N.M.LR-Civ. 7.5(b). To date,

Plaintiff has failed to serve or file a response to this Motion.

19. The local rules of this Court provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.5(b).

20. On August 23, 1999, in open court, I warned Plaintiff that if she failed to comply with court orders, rules of civil procedure, or local rules of this Court, her case could be dismissed. (Transcript of August 23, 1999 at 8). On August 24, 1999, I again warned Plaintiff that failure to comply with court orders could result in dismissal of her case. (Transcript of August 24, 1999 at 26-27). I also told Plaintiff to obtain a copy of the local rules of this Court, read the rules, and fully comply with the local and federal civil rules regarding initial disclosures. (Transcript of August 24, 1999 at 28, 31). On November 9, 1999, I admonished Plaintiff in open court that all remaining practice in this case must comply with the rules of civil procedure. (Transcript of November 9, 1999 at 5, 7).

21. At the hearing of March 22, 2000, Mr. Baker argued that the case should be dismissed with respect to the County. Plaintiff failed to offer a credible reason for her failure to respond to the County's Motion to Dismiss and Motion for Default Judgment. Even if Plaintiff's explanations were found to be credible, they are not sufficient to excuse her failure to respond to the County's motions as required by D.N.M.LR-Civ. 7.5(b). I find that Plaintiff has consented to the County's Motion to Dismiss and Motion for Default Judgment by failing to respond to these motions. D.N.M.LR-Civ. 7.5(b). Accordingly, Plaintiff's Complaint should be dismissed with respect to the County.

22. The City, in contrast to the County, did not request dismissal of the case. Indeed, the City did not join in the County's Motion to Dismiss and Motion for Default Judgment. Consequently, Plaintiff's Complaint should not be dismissed with respect to the City at this time. Plaintiff is again

admonished that any future failure to comply with court orders, rules of civil procedure, or local rules of this Court may result in dismissal of the remainder of her case. An Order setting deadlines with respect to Plaintiff's remaining claims shall issue.

**RECOMMENDED DISPOSITION WITH RESPECT TO THE COUNTY'S MOTION TO DISMISS AND MOTION FOR JUDGMENT BY DEFAULT**

I recommend that the County's Motion to Dismiss, filed December 6, 1999, and Motion for Default Judgment, filed February 4, 2000, herein construed as a Motion to Dismiss for Failure to Respond to Motion to Dismiss Pursuant to D.N.M.LR-Civ. 7.5(b), be granted and that Plaintiff's Complaint be dismissed with respect to the County. Plaintiff's Complaint with respect to the City should not be dismissed at this time.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**